OPINION OF THE COURT
Mathilde C. Bersani, J.
Respondent, Frank Barbuto (Barbuto), moves herein to vacate a note of issue filed in this special proceeding by the petitioner, the City of Syracuse (the City). The proceeding was commenced by the City to recover civil penalties for violations of the Housing Code that allegedly exist at a property owned by Barbuto and located at 320 East Castle Street in Syracuse.
The basis for the motion is Barbuto’s contention that a special proceeding is not the proper form by which the City may seek to recover penalties for violations of the Housing Code. Barbuto argues that such penalties are recoverable only by way of a civil action initiated by service of a summons and *453 complaint. Although the moving papers imply that the court’s jurisdiction may be dependent on the City’s use of the proper form, dismissal of the proceeding is not requested; Barbuto’s main concern appears to be that the various disclosure devices attendant to a civil action are not available in a special proceeding without the permission of the court.
CPLR 103 (b) states that "[a]ll civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.” In order to bring a special proceeding to recover civil penalties in Housing Court, the City must demonstrate statutory authority for use of that form.
Both the Housing Code and the Syracuse City Court Act refer to "actions” for the recovery of civil penalties, and the Syracuse City Court Act is phrased in terms of "proceedings” with respect to other remedies available to address violations of the Housing Code (Syracuse City Ct Act § 4-32 [h] [1]; Housing Code of City of Syracuse § 27-120 [4] [a]).
It is apparent, therefore, that Barbuto’s argument is technically correct, and that the proper vehicle for the relief sought by the City is a civil action rather than a special proceeding.
However, the City’s incorrect use of a special proceeding alone does not deprive the court of jurisdiction. Barbuto concedes service of the notice of petition, and CPLR 103 (c) provides that if a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but that the court shall make whatever order is required for its proper prosecution. In this case, an order converting the proceeding to an action is necessary. "The conversion is effected by the court’s ordering the process and pleadings in the wrongly-brought proceeding to be deemed the process and pleadings in the should-have-been-brought action, the case to be henceforth treated as having been properly brought” (Siegel, NY Prac § 547).
The disclosure Barbuto claims he was deprived of by the filing of the notice of trial is available without the necessity of vacating the notice (Uniform Civil Rules for City Courts Outside the City of New York, 22 NYCRR 210.17 [c]). However, although disclosure is available in civil actions as a matter of course, it is subject to sua sponte restriction by the court (CPLR 3103). In this case, given the relatively simple nature of the action and the need for expedience in the *454 disposition of Housing Court actions and proceedings, the court is of the opinion that Barbuto’s discovery should be limited to that which can be completed within a brief adjournment of the trial. The length of the adjournment is to be agreed upon by the parties and approved by the court.